NOT DESIGNATED FOR PUBLICATION

No. 113,773

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of R.D.W.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; J. PATRICK WALTERS, judge. Opinion filed January 29, 2016. Affirmed.

*Stephen J. House*, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., McANANY, J., and JOHNSON, S.J.

*Per Curiam*:  R.W. was adjudicated a juvenile offender based upon his conviction of rape following a jury trial. He was committed to a juvenile correctional facility for a term of 36 months with conditional release thereafter until age 23. He appeals his conviction, claiming trial errors by the district court (1) in permitting a witness to testify after the witness violated the court's sequestration order and (2) in allowing the victim's mother to testify concerning her state of mind. He also claims that the accumulation of these errors denied him a new trial.

The facts of this case are well known to the parties and need not be detailed here for an understanding of R.W.'s arguments on appeal.

R.W. raises two substantive claims on appeal. As a preliminary matter, the State contends that R.W. abandoned his points of error on appeal because of the paucity

1

of his appellate brief. A point raised incidentally but not argued is deemed waived and abandoned. Moreover, failure to support an argument with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *State v. Berriozabal*, 291 Kan. 568, 594, 243 P.3d 352 (2010). Indeed, R.W.'s five-page appellate brief takes seriously the notion of a brief being brief. But by the slightest of margins it manages to avoid abandoning R.W.'s claims. Accordingly, we will consider R.W.'s claims of error.

*Sequestration*

R.W. contends the district court violated his right to a fair and impartial trial when the court permitted Detective Virgil Miller to testify after having been present during earlier trial testimony, contrary to the court's sequestration order.

A witness sequestration order, commonly referred to as "The Rule," is designed to prevent a witness from tailoring testimony to that of earlier witnesses. See *State v. Sampson*, 297 Kan. 288, 292, 301 P.3d 276 (2013). But there is no reversible error if the court permits a witness to testify despite violating the order if the adverse party fails to show prejudice. *State v. Crum*, 286 Kan. 145, 160, 184, P.3d 222 (2008); *State v. Francis*, 282 Kan. 120, 142, 145 P.3d 48 (2006); *State v. Heath*, 264 Kan. 557, 589-90, 957 P.2d 449 (1998); *State v. Moore*, 39 Kan. App. 2d 568, 587, 181 P.3d 1258, *rev. denied* 286 Kan. 1184 (2008).

R.W. fails to establish any prejudice by the court permitting Detective Miller to testify. He does not show what prior testimony Detective Miller heard that could have caused him to alter his own testimony. Detective Miller was present when the victim testified. He later testified that he interviewed the victim at the Exploited and Missing Child Unit offices. But he did not testify specifically to the content of the interview other than acknowledging that the victim indicated she had been raped. He testified about the

victim's demeanor and the chain of custody of the clothing worn by R.W. and the victim. This testimony was not affected by the victim's prior testimony.

Detective Miller was present when Nurse Ruthann Farley testified. Nurse Farley testified about R.W.'s sexual assault examination and the chain of custody of DNA samples obtained during the examination. Detective Miller did not address any of these issues in his testimony.

R.W. fails to show that the district court committed reversible error in allowing Detective Miller to testify.

*Mother's State of Mind*

R.W. contends the district court erred in allowing the victim's mother to testify concerning her mental state. The mother testified as follows:

"Q.     Now, do you recall the early morning hours of March 20, 2014?

"A.     Vaguely, yes. I was in the shower.

"Q.     After you got out of the shower, did you receive information about your daughter[?]

"A.     Yes, I did.

. . . .

"Q.     And in response to that information, what did you do?

"A.     I broke down.

"Q.     What was the information that you had received?

"A.     My husband got a call saying that she had been raped."

At this point, defense counsel objected on the grounds of hearsay. The State responded that the testimony was not offered to prove the truth of the matter but to show mother's

3

state of mind after receiving the call. The court sustained the objection to this testimony. The State's interrogation continued.

"Q.    Can you tell me how you broke down?

"A.    I just broke down crying in tears. I couldn't believe it.

"Q.    So what did you do after you started crying?

"A.    I was getting dressed as my husband called 911."

Again, defense counsel objected, this time based on hearsay and relevance. "[I]t doesn't have any probative value as to what actually occurred in this case, what she did in this matter." The State responded, "[s]he receives this information about her daughter. She is picked up by law enforcement. She goes and gets her daughter. She speaks to her daughter. And [then] she goes with her to not only talk to the detective, but she takes her to the hospital." The court ruled:

"If that's what you want to elicit from this witness, if you feel that that's necessary, I will allow that, but if you attempt to ask any questions as to this witness' state of mind which would lend or tend to get the jury to extend some sympathy or emotions as to her testimony, I will not allow that type of testimony as to what her state of mind is."

Defense counsel failed to preserve this issue at trial. "A party must make a timely and specific objection to the admission of evidence at trial in order to preserve the issue for appeal." *State v. Anthony*, 282 Kan. 201, 206, 145 P.3d 1 (2006) (citing *State v. Diggs*, 272 Kan. 349, 365, 34 P.3d 63 [2001]). Defense counsel's objections did not address the issue R.W. now raises on appeal. Besides, the court sustained defense counsel's objections when made. The court specifically excluded the type of testimony about which R.W. now complains. There was no error in the district court's ruling.

4

*Cumulative Error*

R.W. contends that the cumulative effect of the district court's erroneous rulings compels reversal of his conviction and the case being remanded for a new trial. But there were no trial errors to accumulate or aggregate, so this contention also fails. See *State v. Frierson*, 298 Kan. 1005, 1020, 319 P.3d 515 (2014).

Affirmed.